Judge Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | NO. CR 09-5887RBL |
| v. | ) ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| DOUGLAS LANE PROBSTFELD, | ) ) | |
| Defendant. | ) ) | |

Defendant Douglas Lane Probstfeld pleaded guilty to one count of Possession of Child Pornography and is scheduled to be sentenced on Friday, September 10. The government recommends that this Court impose a multi-year term of imprisonment followed by 10 years of supervised release.

I.  **Investigation into Douglas Probstfeld**

   A.  **Initial investigation**

Douglas Probstfeld was a paying consumer of child exploitation videos and photographs. In November 2008, he purchased a $99 membership in a child pornography website named "DreamZone." This $99 purchase allowed him unlimited access to various images of child pornography for one month.

The "DreamZone" website became the focus of a federal investigation. Records from the DreamZone server indicated that Mr. Probstfeld was a paying customer of the website. ICE agents prepared to search his home for evidence related to the possession and receipt of child pornography. Indeed, Mr. Probstfeld seemed to be a particularly

U.S. v. PROBSTFELD/ GOVERNMENT'S SENTENCING MEMORANDUM- 1
CR 09-5887RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

worthy target because his name had appeared in a previous ICE investigation -- in 2006, Mr. Probstfeld was on a list of apparent subscribers to another child pornography website.

In July 2009, federal agents searched Mr. Probstfeld's Camas home. Mr. Probstfeld did not consent to an interview with the agents, however he observed their search. During the search he commented that he was sure children would continue to be molested whether or not anyone took pictures of the abuse.

The agents recovered three different computers (two laptops and a desktop). ICE conducted a forensic examination of these computers, which revealed thousands of images of child pornography on each of the computers. As shown by the attached screen shot of the file structure, Mr. Probstfeld's child pornography was organized into a folder that was titled "Lil." See Exhibit 1, Screen Shot of Probstfeld Computer. The photographs and videos depicted horrendous abuse of not just minors, but infants. The Defendant possessed files called with names like "1yo" and "2yrbaby." See also Plea Agreement at ¶ 10 (describing image from Probstfeld computer of infant being penetrated by adult male).

**B.     Court proceedings**

Mr. Probstfeld was indicted in December 2009 on charges of Possession of Child Pornography and Receipt of Child Pornography. He pleaded guilty in a timely manner, with a plea agreement, to the Possession charge in April 2010. Pursuant to the plea agreement, the government agreed to drop the more serious charge of Receipt of Child Pornography in exchange for Mr. Probstfeld's agreement to undergo a psychosexual evaluation. Mr. Probstfeld underwent this evaluation and disclosed those results in a timely manner.

**II.    Sentencing Considerations**

As set forth in the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), the United States Sentencing Guidelines are not mandatory. Rather, the Court should consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code,

U.S. v. PROBSTFELD/ GOVERNMENT'S SENTENCING MEMORANDUM- 2
CR 09-5887RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

Section 3553(a), including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, and (d) to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established for the offense as set forth in the Guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records; and (7) the need to provide restitution to victims.

### III.     The Nature and Circumstances of the Offense

The first factor the government considers is the nature and circumstances of the offense. Defendant has pleaded guilty to possession of child pornography. The nature and circumstances of Mr. Probstfeld's collection of child abuse photographs and videos indicates the need for a prison sentence in this case; particularly A) the number and type of images; B) the organization of the images; and C) the way in which Mr. Probstfeld obtained these images.

### A.     Number and Type of Mr. Probstfeld's Images

Indeed, Defendant's computer contained a significant amount of images – in excess of 40,000 image files were counted by the agents. These images were spread across three different computers. The defense has noted that some of these images may be duplicated from computer to computer. However, Mr. Probstfeld truly possessed the 40,000 number and this higher number is indicative of the insidious nature of the offense. Any one of the images (duplicate or not) could be transferred to another user who could transfer it to another user, and so on. Any one of those images (duplicate or not) could be viewed by another user of Mr. Probstfeld's computers. The fact that some images were duplicates would not matter to the victims that are depicted.

U.S. v. PROBSTFELD/ GOVERNMENT'S SENTENCING MEMORANDUM- 3
CR 09-5887RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

1       Mr. Probstfeld's child pornography collection included incredibly disturbing types
2  of images, including images of the rape and sexual abuse of children.  The children
3  depicted include infants.  The Defendant possessed files called with names like "1yo" and
4  "2yrbaby."  <u>See also</u> Plea Agreement at ¶ 10 (describing image from Probstfeld computer
5  of infant being penetrated by adult male).  There can be no question that these infants, the
6  youngest and most defenseless of our society, were violated by this abuse.  The receipt
7  and maintenance of these awful depictions of abuse is a devastating crime.

8       **B.     Organization of Mr. Probstfeld's Images**

9       The circumstances of this offense show an organized collector of child abuse
10  images.  As indicated by the exhibit, Mr. Probstfeld kept his child exploitation images in
11  a folder on his computer that was called "Lil."  He had separate folders for teens.  <u>See</u>
12  Exhibit 1.  Within the folder were several sub-folders including a folder called
13  "DreamZone," the website where he paid to access child pornography.  The organization
14  and structure of Mr. Probstfeld's computer demonstrates the value he placed on these
15  materials.

16       Next, the fact that Mr. Probstfeld copied his thousands of images and videos from
17  computer to computer is also indicative of the nature of the offense.  Mr. Probstfeld,
18  similar to most purveyors of child pornography, took care to transfer his collection every
19  time he changed computers, from laptop to laptop, to a desktop (with presumably more
20  storage space for his collection).  The fact that these images traveled with his computer
21  also shows how valuable they were to him.

22       **C.     Payment for Mr. Probstfeld's Images**

23       It is also a significant part of the offense to describe how Mr. Probstfeld obtained
24  these videos and photographs.  He paid for them.  As indicated in the background section
25  of this memorandum, Mr. Probstfeld paid $99 for one month's access to child
26  pornography collection at "DreamZone."  He was a suspect in an earlier ICE investigation
27  of another similar website in 2006.  Mr. Probstfeld may have paid for other images in his
28  child pornography collection.

U.S. v. PROBSTFELD/ GOVERNMENT'S SENTENCING MEMORANDUM- 4
CR 09-5887RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

The fact that Mr. Probstfeld paid for at least some of the offending images is significant because the demand for the child pornography images is a primary reason that possession of these images is illegal. Consumers like Mr. Probstfeld drive the market for these types of images and also create a market for the foul websites that peddle these images and pollute the internet. The need for child pornography images leads to child abuse. As indicated by the one of the victim statements in this case, some child pornography is "made for trade."

**IV.     The Need for the Sentence Imposed to Reflect the Seriousness of the Offense**

As indicated above, the government believes the offense of possession of child pornography is a serious offense and the sentence should reflect it. These child pornography images and videos depict real children, real victims of Defendant's conduct. These images, every time they are viewed, and every time they are sold for profit to people like the Defendant, that inflicts further abuse. Defendant's possession and purchase of child pornography keeps the market for this type of material thriving, and, again, lead to circumstances where more of this material is created.

Indeed, Mr. Probstfeld now seems to realize that his purchase and collection of these abuse images for his own enjoyment was a completely selfish offense. The offense inflicted continued harm on the victims of the offense. The offense drove the market for additional such images. The offense harmed the Defendant's own family. The harm created by this offense was great.

**V.     Need to Protect the Public from Future Crimes of the Defendant**

Another sentencing consideration for the Court is the need to protect the public from future crimes of the defendant. It is important to point out that there is no indication of sexual abuse of children by the Defendant. However, given the size of Mr. Probstfeld's collection and his willingness to purchase this material, it is clear that there was some interest in this material and there may be a risk posed by Defendant.

//
//

U.S. v. PROBSTFELD/ GOVERNMENT'S SENTENCING MEMORANDUM- 5
CR 09-5887RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

## VI. The Sentencing Guidelines

The Sentencing Guidelines also counsel a multi-year term of imprisonment and a major variance from these guidelines requires a more significant justification than a minor one -- the justification should be "sufficiently compelling to support the degree of the variance." United States v. Gall, 552 U.S. 38, 50 (2007). This case has an offense level of 28 and a criminal history category of I, which gives an advisory guidelines sentencing range of 78-97 months imprisonment. However, the government recommends an additional three levels be deducted from the offense level because Mr. Probstfeld underwent a psychosexual examination and provided it the Court. With that reduction, the sentencing range is 57-71 months imprisonment.

The government's sentencing recommendation is even lower, at 46 months imprisonment. This recommendation recognizes a Defendant, like Mr. Probstfeld, who successfully completed a psychosexual examination. This recommendation is tied to the Sentencing Guidelines, and is a further two-level reduction.

Although the government recommends a below-guideline sentence, and while the Sentencing Guidelines are not mandatory, still in this case, the Sentencing Guidelines take into account several important features of the Defendant's offense. Mr. Probstfeld 's guideline calculation increases his base offense level by two levels because he possessed material of pre-pubescent minors. Indeed, as detailed above, Mr. Probstfeld possessed images of infants being sexually abused. This is an appropriate aggravating factor because this demonstrates that there was no mistake as to age. Mr. Probstfeld possessed images of sadistic and masochistic behavior, which is another appropriate aggravating factor. These images include the bondage of a minor at the abuse of innocent infants. See Plea Agreement at Paragraph 10 (describing picture of a naked prepubescent minor tied to a chair). Moreover, Mr. Probstfeld possessed these images on a computer. Use of a computer is another two-level increase. This is an aggravating factor because the use of computers allow offenders to amass and store large collections of child pornography.

U.S. v. PROBSTFELD/ GOVERNMENT'S SENTENCING MEMORANDUM- 6
CR 09-5887RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

1 **VII.  Need to Provide Restitution to Victims**

As the Court knows, two victims of Mr. Probstfeld's conduct are seeking restitution in this manner. The victims are called "Amy" and "Vicky" and they are depicted in some of the videos and images in Mr. Probstfeld's collection. Victims because the injury to these victims is exacerbated by the continued circulation and collection of the record of their abuse. See New York v. Ferber, 458 U.S. 747, 759 (1982).

The parties, and the attorneys for the victims, have agreed that Mr. Probstfeld will pay restitution in the amount of $3000 to each victim. This is an appropriate amount of restitution because it will compensate the victims for the victims therapy sessions and other related costs. See Restitution Submissions to the Court.

**VIII.  Sentencing Recommendation**

The government recommends a multi-year prison term be imposed on Mr. Probstfeld in this case and believes that a term of 46 months is appropriate, considering the nature of the offense, the need for a sentence to reflect the seriousness of the offense, and the sentencing guidelines that help guide similarly situated defendants across the country.

DATED this 3rd day of September, 2010.

>   Respectfully submitted,
>   JENNY A. DURKAN
>   United States Attorney
>
>   s/ Brian D. Werner
>   BRIAN D. WERNER
>   Assistant United States Attorney
>   1201 Pacific Avenue, Suite 700
>   Tacoma, Washington 98402
>   Telephone: (253) 428-3800
>   Facsimile: (253) 428-3826
>   E-mail: brian.werner@usdoj.gov

U.S. v. PROBSTFELD/ GOVERNMENT'S SENTENCING MEMORANDUM- 7
CR 09-5887RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant.

                                                s/ Brian D. Werner

U.S. v. PROBSTFELD/ GOVERNMENT'S SENTENCING MEMORANDUM- 8
CR 09-5887RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970